## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| POSITIVE TECHNOLOGIES INC.,<br>        Plaintiff, | § § § § § § |
| v. | § CIVIL ACTION NO.  2:10-cv-263 |
| SONY ELECTRONICS, INC., APPLE,<br>INC., HEWLETT-PACKARD<br>COMPANY, ACER AMERICA<br>CORPORATION, GATEWAY, INC.,<br>DELL INC., ASUS COMPUTER<br>INTERNATIONAL, LENOVO<br>(UNITED STATES) INC., MSI<br>COMPUTER CORPORATION,<br>AMAZON.COM, INC., BARNES &<br>NOBLE, INC., VIEWSONIC<br>CORPORATION, AND KOBO INC.<br><br>        Defendants. | § § § § § § § § JURY TRIAL DEMANDED § § § § § § § § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Positive Technologies Inc. ("Plaintiff" or "Positive Technologies"), by and through its undersigned counsel, files this Original Complaint against Defendants Sony Electronics, Inc., Apple, Inc., Hewlett-Packard Company, Acer America Corporation, Gateway, Inc., Dell Inc., Asus Computer International, Lenovo (United States) Inc., MSI Computer Corporation, Amazon.com, Inc., Barnes & Noble, Inc., ViewSonic Corporation, and Kobo Inc. (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1.      This lawsuit pertains to the Defendants' infringement of each of the following U.S. patents: (1) U.S. Patent No. 5,444,457, titled "DC Integrating Display Driver Employing

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                    **Page 1**

Pixel Status Memories" (the "'457 Patent"); (2) U.S. Patent No. 5,627,558, titled "DC Interating [sic] Display Driver Employing Pixel Status Memories" (the "'558 Patent"); and (3) U.S. Patent No. 5,831,588, titled "DC Integrating Display Driver Employing Pixel Status Memories" (the "'588 Patent").  Copies of the '457, '558, and '588 Patents are attached hereto as Exhibits "A" through "C," respectively.  All of the patents asserted in this lawsuit are referred to collectively as the "Patents."

<u>**PARTIES**</u>

2.      Plaintiff Positive Technologies is a corporation organized under the laws of California.  Positive Technologies is the assignee of all rights, title, and interest in and to the Patents and possesses all rights of recovery under the Patents.

3.      Defendant Sony Electronics, Inc. ("Sony") is a corporation organized under the laws of Delaware, having its principal place of business in San Diego, California. Sony is registered to do business as a foreign corporation in Texas and is doing business in this judicial district, in Texas and elsewhere throughout the United States.  Sony's foreign corporation registration lists Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218, as its registered agent for service of process.

4.      Defendant Apple, Inc. ("Apple") is a corporation organized under the laws of California, having its principal place of business in Cupertino, California.  Apple is registered to do business as a foreign corporation in Texas and is doing business in this judicial district, in Texas and elsewhere throughout the United States.  Apple's foreign corporation registration lists CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234, as its registered agent for service of process.

5.      Defendant Hewlett-Packard Company ("HP") is a corporation organized under the laws of Delaware, having its principal place of business in Palo Alto, California.  HP is registered to do business as a foreign corporation in Texas and is doing business in this judicial district, in Texas and elsewhere throughout the United States. HP's foreign corporation registration lists CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234, as its registered agent for service of process.

6.      Defendant Acer America Corporation ("Acer") is a corporation organized under the laws of California, having its principal place of business in San Jose, California. Acer is registered to do business as a foreign corporation in Texas and is doing business in this judicial district, in Texas and elsewhere throughout the United States.  Acer's foreign corporation registration lists CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234, as its registered agent for service of process.

7.      Defendant Gateway, Inc. ("Gateway") is a corporation organized under the laws of California, having its principal place of business in Irvine, California.  Gateway does business in Texas and in the Eastern District of Texas.  Gateway may be served via its registered agent for service of process: The Corporation Trust Company, 1209 Orange Street, Wilmington Delaware 19801.

8.      Defendant Dell Inc. ("Dell") is a corporation organized under the laws of Delaware, having its principal place of business in Round Rock, Texas.  Dell is registered to do business as a foreign corporation in Texas and is doing business in this judicial district, in Texas and elsewhere throughout the United States.   Dell's foreign corporation registration lists Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218, as its registered agent for service of process.

9.      Defendant Asus Computer International ("Asus") is a corporation organized under the laws of California, having its principal place of business in Fremont, California.  Asus is registered to do business as a foreign corporation in Texas and is doing business in this judicial district, in Texas and elsewhere throughout the United States.   Asus' foreign corporation registration lists Kathrin Esposito, 13 N. Star Road, Allen, TX 75002, as its registered agent for service of process.

10.     Defendant Lenovo (United States) Inc. ("Lenovo") is a corporation organized under the laws of Delaware, having its principal place of business in Morrisville, North Carolina. Lenovo is registered to do business as a foreign corporation in Texas and is doing business in this judicial district, in Texas and elsewhere throughout the United States.  Lenovo's foreign corporation registration lists CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234, as its registered agent for service of process.

11.     Defendant MSI Computer Corporation ("MSI") is a corporation organized under the laws of California, having its principal place of business in City of Industry, California.  MSI does business in Texas and in the Eastern District of Texas.  MSI may be served via its registered agent for service of process: Connie Yu Chuan Wang, 901 Canada Court, City of Industry, California 91748.

12.     Defendant Amazon.com, Inc. ("Amazon") is a corporation organized under the laws of Delaware, having its principal place of business in Seattle, Washington.  Amazon does business in Texas and in the Eastern District of Texas.  Amazon may be served via its registered agent for service of process: Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, Washington 98501.

13.     Defendant Barnes & Noble, Inc. ("Barnes & Noble") is a corporation organized under the laws of Delaware, having its principal place of business in New York City, New York. Barnes & Noble is registered to do business as a foreign corporation in Texas and is doing business in this judicial district, in Texas and elsewhere throughout the United States.  Barnes & Noble's foreign corporation registration lists Capitol Corporate Services, Inc., 800 Brazos Street, Suite 400, Austin, Texas 78701, as its registered agent for service of process.

14.     Defendant ViewSonic Corporation ("ViewSonic") is a corporation organized under the laws of Delaware, having its principal place of business in Walnut, California. ViewSonic is registered to do business as a foreign corporation in Texas and is doing business in this judicial district, in Texas and elsewhere throughout the United States.  ViewSonic's foreign corporation registration lists CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234, as its registered agent for service of process.

15.     Defendant Kobo Inc. ("Kobo") is a corporation organized under the laws of Delaware, having its principal place of business in Toronto, Ontario.  Kobo does business in Texas and in the Eastern District of Texas.  Kobo may be served via its registered agent for service of process: The Corporation Trust Company, 1209 Orange Street, Wilmington Delaware 19801.

## JURISDICTION AND VENUE

16.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. § 271.  This Court has original and exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

17.     The Court has personal jurisdiction over each Defendant.  Each Defendant has conducted and does conduct business within the State of Texas.  Each Defendant, directly and/or

through intermediaries (including distributors, retailers, and others), offers for sale, sells, advertises, and/or uses its products and services (including the products accused of infringement in this lawsuit) in the United States, the State of Texas, and the Eastern District of Texas. Each Defendant, directly and/or through intermediaries, has committed patent infringement within the State of Texas, and, more particularly, within the Eastern District of Texas. Each Defendant, directly and/or through intermediaries, owns or has owned property located in Texas and the Eastern District of Texas, including the property that it has used to commit patent infringement as well as substantial additional property. Moreover, each Defendant is subject to general jurisdiction in this Court.

18.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§1391 and 1400(b).

19.     The patents-in-suit were previously the subject of claims before this Court in the following actions: *Positive Technologies v. BenQ America, et al.*, Civil Action No. 2:06-cv-22-TJW, and *Positive Technologies v. BenQ America, et al.*, Civil Action No. 2:07-cv-67. In the latter case, the Court held a *Markman* hearing, issued a claim construction order, and ruled on dispositive motions that were filed by the Defendants in that action. This Court is a proper venue and the most convenient venue in this case because, *inter alia*, it is in the interest of judicial economy for the same Court to oversee litigation of the patents-in-suit with which the Court is already familiar.

## FACTUAL BACKGROUND

20.     Positive Technologies' founder and principal owner, Robert Hotto, is the named inventor on 31 United States patents and several pending United States patent applications. Mr. Hotto is a prolific inventor whose creative, patented inventions span a diverse range of

technological fields, including hybrid automotive systems, locking mechanisms, single use emergency batteries, morphable real-time propellers, firearms, methods of display drive control, and the first personal digital assistant (PDA).   Through its founder, Positive Technologies pioneered the development of several innovative technologies in the field of adaptive displays used in LCD display fields which enabled LCD displays to exhibit the response times necessary to be commercially viable for use as modern display panel technology in a variety of different products sold to consumers.

21.     Mr. Hotto has spent the majority of his adult life as an innovator, filing his first patent application at the age of just 22.  A year later, he filed an application for his co-invention of what is now known as a PDA.  Mr. Hotto's desire to solve the problems and shortcomings with devices that consumers use every day has led him to create and design innovations that are embodied in a portfolio of patents.  Mr. Hotto's patents, other than the patents-in-suit, have been licensed by a number of sizable companies, including AT&T, Apple, and Toshiba.

22.     Mr. Hotto has worked as a consultant in various fields during his career, two of which were matrix displays and real-time controls.   His consulting work led to his first introduction to LCD technology in 1977, while working to create a new type of printer, the liquid crystal printer.   His immediate observation of the technology was the effect that the slow response times inherent in LCD displays had on the viewing experience.  Mr. Hotto remained interested in LCD technology after that initial exposure, but remained cognizant of its disadvantages.  In 1980, Mr. Hotto transitioned his consulting practice away from working with display technology as he moved toward consulting in the real-time control industry, where he focused primarily on optimizing motor control signals.

23.     Even after changing his industry focus, however, Mr. Hotto remained interested in LCD display technology.  In 1987, he set out to discover whether the response time problems that existed in the late 1970's had been solved.  To his surprise, LCD panels remained plagued by inadequate response times.  Based on his research and familiarity with the principles that he was using to optimize control systems, Mr. Hotto was convinced that the principles used to optimize real-time motor controls could also used to improve the response times in LCD displays.

24.     Not long thereafter, Mr. Hotto began experimenting with LCD display drive controllers to address and substantially improve the slow response time problem that was inherent in all LCD displays.  In 1989, Mr. Hotto conceived of the invention embodied in the patents-in-suit, and on May 24, 1991, he filed the patent application that later issued as U.S. Patent No. 5,280,280, the parent patent of the '457, '558, and '588 Patents.

25.     Through his consulting firm, Positive Technologies, Mr. Hotto worked to commercialize the invention embodied in the patents-in-suit.  Recognizing the value and unique character of Mr. Hotto's invention, the Advanced Research Projects Agency (ARPA), currently known as DARPA, awarded a grant of approximately $650,000 to Positive Technologies to further its continuing research, and to also develop and commercialize drive controllers practicing the invention.  Positive Technologies presented the technology to several corporations through trade shows, personal meetings, demonstrations and formal proposals.  While many of these companies explicitly recognized the advantages of the invention, they declined to license the patents-in-suit.  Despite the marked improvements that Positive Technologies patents brought to the LCD display industry, cost factors associated with the marketing and promotion of the new

LCD products precluded Positive Technologies from continuing with its efforts to commercialize the invention.

26.     Nevertheless, the significant contributions that Positive Technologies' intellectual property has made to display technology have been recognized by the LCD and Plasma display industries.  To date, multiple third parties have licensed Positive Technologies' display drive control intellectual property.   Positive Technologies' licensees make up a substantial share of the United States flat panel television display market and include LG Electronics, Samsung, Toshiba, Sharp, Vizio, Hitachi, Mitsubishi, Panasonic, Philips, Pioneer, BenQ, and NEC.

## COUNT I – INFRINGEMENT OF U.S. PATENT 5,444,457

27.     Positive Technologies refers to and incorporates herein the allegations of Paragraphs 1 – 26 above.

28.     The '457 Patent was duly and legally issued by the United States Patent and Trademark Office on August 22, 1995, after full and fair examination.  Positive Technologies is the assignee of all rights, title, and interest in and to the '457 Patent and possesses all rights of recovery under the '457 Patent.

29.     Sony has infringed and continues to infringe one or more claims of the '457 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to laptop computers, desktop computers, all-in-one computers, and e-readers incorporating an LCD or electrophoretic display panel utilizing display acceleration techniques claimed in the '457 Patent.

30.     Apple has infringed and continues to infringe one or more claims of the '457 Patent either directly or through acts of contributory infringement or inducement in violation of

35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to laptop computers, desktop computers, and all-in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '457 Patent.

31.     Acer has infringed and continues to infringe one or more claims of the '457 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to monitors, laptop computers, desktop computers, and all-in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '457 Patent.

32.     Gateway has infringed and continues to infringe one or more claims of the '457 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to laptop computers, desktop computers, and all-in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '457 Patent.

33.     Asus has infringed and continues to infringe one or more claims of the '457 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to laptop computers, desktop computers, and all-in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '457 Patent.

34.     HP has infringed and continues to infringe one or more claims of the '457 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to monitors, laptop computers, desktop computers, and all-in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '457 Patent.

35.     Dell has infringed and continues to infringe one or more claims of the '457 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to monitors, laptop computers, desktop computers, and all-in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '457 Patent.

36.     Lenovo has infringed and continues to infringe one or more claims of the '457 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to laptop computers, desktop computers, and all-in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '457 Patent.

37.     MSI has infringed and continues to infringe one or more claims of the '457 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to laptop computers, desktop computers, and all-

in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '457 Patent.

38.     Amazon has infringed and continues to infringe one or more claims of the '457 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to e-readers incorporating an electrophoretic display panel utilizing display acceleration techniques claimed in the '457 Patent.

39.     Barnes & Noble has infringed and continues to infringe one or more claims of the '457 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to e-readers incorporating an electrophoretic display panel utilizing display acceleration techniques claimed in the '457 Patent.

40.     ViewSonic has infringed and continues to infringe one or more claims of the '457 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to LCD monitors utilizing display acceleration techniques claimed in the '457 Patent.

41.     Kobo has infringed and continues to infringe one or more claims of the '457 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to e-readers incorporating an electrophoretic display panel utilizing display acceleration techniques claimed in the '457 Patent.

42.     Positive Technologies is entitled to recover from each Defendant the damages sustained by Positive Technologies as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

43.     Upon information and belief, Sony's infringement of the '457 Patent (and possibly the infringement of other Defendants) has been willful and deliberate, entitling Positive Technologies to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

44.     Each Defendant's infringement of Positive Technologies' exclusive rights under the '457 Patent will continue to damage Positive Technologies' business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT II – INFRINGEMENT OF U.S. PATENT 5,627,558

45.     Positive Technologies refers to and incorporates herein the allegations of Paragraphs 1 – 44 above.

46.     The '558 Patent was duly and legally issued by the United States Patent and Trademark Office on May 6, 1997, after full and fair examination.  Positive Technologies is the assignee of all rights, title, and interest in and to the '558 Patent and possesses all rights of recovery under the '558 Patent.

47.     Sony has infringed and continues to infringe one or more claims of the '558 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to laptop computers, desktop computers, all-in-one computers, and e-readers incorporating an LCD or electrophoretic display panel utilizing display acceleration techniques claimed in the '558 Patent.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                    **Page 13**

48.     Apple has infringed and continues to infringe one or more claims of the '558 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to laptop computers, desktop computers, and all-in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '558 Patent.

49.     Acer has infringed and continues to infringe one or more claims of the '558 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to monitors, laptop computers, desktop computers, and all-in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '558 Patent.

50.     Gateway has infringed and continues to infringe one or more claims of the '558 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to laptop computers, desktop computers, and all-in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '558 Patent.

51.     Asus has infringed and continues to infringe one or more claims of the '558 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to laptop computers, desktop computers,

and all-in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '558 Patent.

52.     HP has infringed and continues to infringe one or more claims of the '558 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to monitors, laptop computers, desktop computers, and all-in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '558 Patent.

53.     Dell has infringed and continues to infringe one or more claims of the '558 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to monitors, laptop computers, desktop computers, and all-in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '558 Patent.

54.     Lenovo has infringed and continues to infringe one or more claims of the '558 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to laptop computers, desktop computers, and all-in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '558 Patent.

55.     MSI has infringed and continues to infringe one or more claims of the '558 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of

consumer electronics, including but not limited to laptop computers, desktop computers, and all-in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '558 Patent.

56.     Amazon has infringed and continues to infringe one or more claims of the '558 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to e-readers incorporating an electrophoretic display panel utilizing display acceleration techniques claimed in the '558 Patent.

57.     Barnes & Noble has infringed and continues to infringe one or more claims of the '558 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to e-readers incorporating an electrophoretic display panel utilizing display acceleration techniques claimed in the '558 Patent.

58.     ViewSonic has infringed and continues to infringe one or more claims of the '558 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to LCD monitors utilizing display acceleration techniques claimed in the '558 Patent.

59.     Kobo has infringed and continues to infringe one or more claims of the '558 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to e-readers incorporating an electrophoretic display panel utilizing display acceleration techniques claimed in the '558 Patent.

60.     Positive Technologies is entitled to recover from each Defendant the damages sustained by Positive Technologies as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

61.     Upon information and belief, Sony's infringement of the '558 Patent (and possibly the infringement of other Defendants) has been willful and deliberate, entitling Positive Technologies to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

62.     Each Defendant's infringement of Positive Technologies' exclusive rights under the '558 Patent will continue to damage Positive Technologies' business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT III – INFRINGEMENT OF U.S. PATENT 5,831,588

63.     Positive Technologies refers to and incorporates herein the allegations of Paragraphs 1 – 62 above.

64.     The '588 Patent was duly and legally issued by the United States Patent and Trademark Office on November 3, 1998, after full and fair examination.  Positive Technologies is the assignee of all rights, title, and interest in and to the '588 Patent and possesses all rights of recovery under the '588 Patent.

65.     Sony has infringed and continues to infringe one or more claims of the '588 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to laptop computers, desktop computers, all-in-one computers, and e-readers incorporating an LCD or electrophoretic display panel utilizing display acceleration techniques claimed in the '588 Patent.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                      **Page 17**

66.     Apple has infringed and continues to infringe one or more claims of the '588 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to laptop computers, desktop computers, and all-in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '588 Patent.

67.     Acer has infringed and continues to infringe one or more claims of the '588 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to monitors, laptop computers, desktop computers, and all-in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '588 Patent.

68.     Asus has infringed and continues to infringe one or more claims of the '588 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to laptop computers, desktop computers, and all-in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '588 Patent.

69.     HP has infringed and continues to infringe one or more claims of the '588 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to monitors, laptop computers, desktop

**PLAINTIFF'S ORIGINAL COMPLAINT**                                          **Page 18**

computers, and all-in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '588 Patent.

70.     Dell has infringed and continues to infringe one or more claims of the '588 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to monitors, laptop computers, desktop computers, and all-in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '588 Patent.

71.     Lenovo has infringed and continues to infringe one or more claims of the '588 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to laptop computers, desktop computers, and all-in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '588 Patent.

72.     MSI has infringed and continues to infringe one or more claims of the '588 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to laptop computers, desktop computers, and all-in-one computers incorporating an LCD display panel utilizing display acceleration techniques claimed in the '588 Patent.

73.     Amazon has infringed and continues to infringe one or more claims of the '588 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several

types of consumer electronics, including but not limited to e-readers incorporating an electrophoretic display panel utilizing display acceleration techniques claimed in the '588 Patent.

74.     Barnes & Noble has infringed and continues to infringe one or more claims of the '588 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to e-readers incorporating an electrophoretic display panel utilizing display acceleration techniques claimed in the '588 Patent.

75.     ViewSonic has infringed and continues to infringe one or more claims of the '588 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to LCD monitors utilizing display acceleration techniques claimed in the '588 Patent.

76.     Kobo has infringed and continues to infringe one or more claims of the '588 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including but not limited to e-readers incorporating an electrophoretic display panel utilizing display acceleration techniques claimed in the '588 Patent.

77.     Positive Technologies is entitled to recover from each Defendant the damages sustained by Positive Technologies as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

78.     Upon information and belief, Sony's infringement of the '588 Patent (and possibly the infringement of other Defendants) has been willful and deliberate, entitling Positive

Technologies to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

79.     Each Defendant's infringement of Positive Technologies' exclusive rights under the '588 Patent will continue to damage Positive Technologies' business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## JURY DEMAND

80.     Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff Positive Technologies, respectfully requests this Court to enter judgment in its favor against each Defendant, granting the following relief:

A.      An adjudication that each Defendant has infringed and continues to infringe claims of the '457, '558, and '588 Patents;

B.      An award to Positive Technologies of damages adequate to compensate Positive Technologies for Defendants' acts of infringement together with prejudgment interest;

C.      An award to Positive Technologies of enhanced damages, up to and including trebling of Positive Technologies damages pursuant to 35 U.S.C. § 284, for Sony's willful infringement;

D.      An award of Positive Technologies' costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

E.      A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining each Defendant from further acts of infringement; and

**PLAINTIFF'S ORIGINAL COMPLAINT**                                    **Page 21**

F.     Any further relief that this Court deems just and proper.

Dated: July 22, 2010                          Respectfully submitted,

                                              */s/ Walter J. "Skip" Scott by permission*
                                              *Robert Christopher Bunt*
                                              Walter J. "Skip" Scott
                                              Attorney-In-Charge
                                              State Bar No. 17918405
                                              sscott@diamondmccarthy.com
                                              Leonard A. Hirsch
                                              State Bar No. 09717300
                                              lhirsch@diamondmccarthy.com
                                              Jason P. Fulton
                                              State Bar No. 24040936
                                              jfulton@diamondmccarthy.com
                                              **DIAMOND MCCARTHY LLP**
                                              1201 Elm Street, Suite 3400
                                              Dallas, Texas  75270
                                               (214) 389-5300
                                               (214) 389-5399 Fax

                                              Eric S. Tautfest
                                              State Bar No. 24028534
                                              etautfest@thewarefirm.com
                                              George T. Scott
                                              State Bar No. 24061276
                                              gscott@thewarefirm.com
                                              **THE WARE FIRM**
                                              2101 Cedar Springs Road, Suite 1900
                                              Dallas, Texas 75201

                                              Robert Christopher Bunt
                                              State Bar No. 00787165
                                              Robert M. Parker
                                              State Bar No. 15498000
                                              PARKER, BUNT & AINSWORTH, P.C.
                                              100 E. Ferguson, Suite 1114
                                              Tyler, Texas 75702
                                              Telephone:  (903) 531-3535
                                              Email: rmparker@pbatyler.com
                                              Email: rcbunt@pbatyler.com

                                              **ATTORNEYS FOR PLAINTIFF**
                                              **POSITIVE TECHNOLOGIES, INC.**

**PLAINTIFF'S ORIGINAL COMPLAINT**                                    **Page 22**